USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

EDUARD ZAVALUNOV,

Defendant.

No. 14-CR-773 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On February 6, 2017, Defendant Eduard Zavalunov plead guilty to conspiracy to commit mail, wire, and healthcare fraud in violation of 18 U.S.C. § 1349. On May 19, 2017, the Court sentenced him to 40 months imprisonment and three years of supervised release. Zavalunov was also ordered to pay $13,795,268 in restitution. On December 10, 2018, Zavalunov filed the present motion to obtain copies of the victim affidavits used by the Probation Office in calculating the appropriate amount of restitution. Zavalunov claims that, "as a member of the public[,] [he] is requesting access to these judicial records prepared in connection with this proceeding to be used in connection with future litigation." Def.'s Mot. at 1. He asserts a right to these affidavits pursuant to "a presumed right of access to judicial proceedings and documents" under the First Amendment. Def.'s Mot. at 1-2. The Government opposes this motion on procedural grounds.

The Court agrees with the Government. As an initial matter, it is not clear under what statute or rule of criminal procedure Zavalunov brings this motion. While he states that the affidavits are "to be used in connection with future litigation," Def.'s Mot. at 1, as the Government correctly notes, "there is no legal basis for a free-standing, post-conviction discovery request." Gov't Opp. at 1.

Nor did Zavalunov label – or otherwise fashion – this motion as one pursuant to 28 U.S.C. § 2255, under which he could argue that he has "good cause" for discovery of these affidavits. *See Pizzuti v. United States*, 809 F. Supp. 2d 164, 175-76 (S.D.N.Y. 2011) (explaining that, while Rule 6 "provides that a § 2255 petitioner is entitled to undertake discovery," the "petitioner bears a heavy burden in establishing a right to discovery"). Even if liberally construed or relabeled by Zavalunov as such, however, the motion would still be denied.[1]

First, a defendant can only challenge a restitution order under § 2255 in limited circumstances. *See United States v. Rutigliano*, 887 F.3d 98, 104-07 (2d Cir. 2018) ("[B]ecause defendants fail to show that the restitution ordered in their judgments of conviction equates to custodial punishment, the district court was without authority to review and reduce restitution pursuant to § 2255."). Second, a § 2255 motion must be brought within one-year of a judgment becoming final. *See* 28 U.S.C. § 2255(f)(1). Zavalunov's judgment became final on June 2, 2017. Because this motion was not filed until December 12, 2018, it therefore would be time barred. Third, even if Zavalunov were raising a substantive challenge to his restitution order for which these affidavits might be necessary, such a challenge appears to have been waived. In his plea agreement, Zavalunov waived his right to appeal "any restitution or forfeiture amount that is less than or equal to $13,795,268" – the exact amount that he was ordered to pay.[2] Dkt. 442, Ex. A. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). This rule extends to waivers of the right to appeal a restitution

---

[1] On October 3, 2019, Zavalunov filed a separate § 2255 motion seeking to vacate his sentence. Dkt. 438. Therefore, if Zavalunov chose to recharacterize this present motion as a § 2255 motion, he would risk having his October 3 motion become a second or successive petition requiring certification from the Second Circuit. *See* 28 U.S.C. §§ 2244, 2255(h).

[2] Zavalunov also signed a consent preliminary order of forfeiture, in which he agreed to the entry of a money judgment in that same amount. Indeed, at the time of his plea, the Court confirmed that Zavalunov "agree[d] to forfeit to the United States that amount of money pursuant to this forfeiture agreement." Plea Hrg. Tr. 17:13-24 (Dkt. 304).

2

order. *See United States v. Howell*, 778 F. App'x 43, 44 (2d Cir. 2019). Although a court may in some circumstances decline to enforce a waiver, Zavalunov does not here allege any deficiencies with his plea. *See, e.g., United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000) ("This Court has repeatedly upheld the validity of such waivers, with the obvious caveat that such waivers must always be knowingly, voluntarily, and competently provided by the defendant.").

Accordingly, Zavalunov's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 431 and to mail a copy of this order to Zavalunov.

SO ORDERED.

Dated: December 17, 2019
New York, New York

Ronnie Abrams
United States District Judge